**OPINION OF THE JUSTICES of the Supreme Judicial Court given under the Provisions of Section 3 of Article VI of the Constitution.**

**Questions Propounded by the House in an Order Dated January 24, 1966.**

Supreme Judicial Court of Maine.

Jan. 27, 1966.

House Order Propounding Questions

State of Maine
House of Representatives
102nd Legislature
First Special Session

State of Maine

In House    January 21, 1966

Whereas, it appears to the House of the 102nd Legislature that the following are important questions of law, and that the occasion is a solemn one; and

Whereas, there is pending before the House a Bill entitled "AN ACT Relating to Mining Activity under Goose Falls Pond, Town of Brooksville, Hancock County," H.P. 1224, L.D. No. 1705; and

Whereas, the constitutionality of said Bill has been questioned; and

Whereas, it is important that the Legislature be informed as to answers to important and serious legal questions raised by said Bill:

Now Therefore Be it Ordered, that the Justices of the Supreme Judicial Court are hereby respectfully requested to give to the House, according to the provisions of the Constitution on its behalf, their opinion on the following questions, to wit:

1. May the State of Maine as in L.D. 1705, H.P. 1224, "AN ACT Relating to Mining Activity under Goose Falls Pond, Town of Brooksville, Hancock County", in the exercise of its sovereign and proprietary right over minerals under the waters of a navigable tidal estuary validly enact legislation permitting a lessee of the Maine Mining Bureau to construct dams on land owned by the State to exclude tide waters and fresh water from said estuary and to drain the water from said estuary to permit mining by the lessee on State-owned lands where such operations have been determined to be consistent with any prior or proposed other use by the State and where the exercise of such power will be for the period during which the aforesaid tidal estuary is wholy or partially drained and where such estuary is not now used for navigation to any significant degree and where the lessee will be required to pay royalties to the State of Maine for minerals removed from State-owned lands as provided in Title 10, Section 2105, of the Revised Statutes of Maine 1964 when an owner or owners of lands bordering on said tidal estuary object thereto?

2. May the State of Maine as in L.D. 1705, H.P. 1224, "AN ACT Relating to Mining Activity under Goose Falls Pond, Town of Brooksville, Hancock County" through the agency of the Maine Mining Bureau take and hold the rights of riparian owners in the waters of a tidal estuary for the period during which the said tidal estuary is wholly or partially drained where it is necessary to drain substantially all of the water from said estuary in order for a lessee from said Mining Bureau to conduct feasible mining operations on a mineral deposit located in lands beneath said estuary owned by the State of Maine?

3. Would H.P. 1224, L.D. 1705, "AN ACT Relating to Mining Activity under Goose Falls Pond, Town of Brooksville, Hancock County" if enacted by the Legislature be constitutional insofar as Section 3 thereof purports to authorize the State, through the Maine Mining Bureau to take by eminent domain and pay just compensation for such riparian rights of private landowners bordering on a tidal estuary as may be required for the damming and draining of said tidal estuary for the period during which said tidal estuary is wholly or partially drained for the purpose of permitting mining operations by a lessee of said Mining Bureau for the removal of minerals from State-owned lands located beneath the waters of said tidal estuary where feasible mining operations cannot be conducted without such damming and draining and where the lessee will be required to pay royalties to the State of Maine for minerals removed from State-owned lands as provided in Title 10, Section 2105 of the Revised Statutes of Maine 1964.

House of Representatives
Tabled under House Rule
46, pending passage
Jan 21 1966
and tomorrow assigned.

Jerome G. Plante
Clerk

House of Representatives
Speaker laid before the
House and passed
Jan 24 1966

Jerome G. Plante
Clerk

NAME: (Binnette) Joseph E. Binnette
TOWN: Old Town

FIRST SPECIAL SESSION
(EMERGENCY)

## ONE HUNDRED AND SECOND LEGISLATURE

Legislative Document                No. 1705

H. P. 1224              House of Representatives, January 17, 1966
The Committee on Industrial and Recreational Development suggested.
                     JEROME G. PLANTE, Clerk
Presented by Mr. Binnette of Old Town and Mr. Richardson of Cumberland.

### STATE OF MAINE

IN THE YEAR OF OUR LORD NINETEEN HUNDRED
SIXTY-SIX

### AN ACT Relating to Mining Activity Under Goose Falls Pond, Town of Brooksville, Hancock County.

Emergency preamble. Whereas, Acts of the Legislature do not become effective until 90 days after adjournment unless enacted as emergencies; and

Whereas, the development of the State's resources and the growth of its economy are and will continue to be of vital importance and concern to the people of Maine; and

Whereas, the State has adopted a program for the exploration of state-owned lands and for the development of mineral deposits found thereon and has encouraged mining companies to engage in such projects on state-owned lands; and

Whereas, exploration carried on in the area of the Town of Brooksville Hancock County indicates the presence of a mineral deposit within state-owned lands beneath the waters of a certain tidal estuary commonly called Goose Falls Pond; and

Whereas, the realization of a mining operation in said area will not only permit recovery of minerals from state-owned lands and produce royalty income for the State, but, in addition, will provide employment, business opportunities, income and other revenue to the people of Hancock County and the State of Maine; and

Whereas, it appears that the presence of water in the aforesaid tidal estuary precludes the performance of feasible mining operations on the aforesaid mineral deposit and that said deposit can be developed only by temporarily draining the water therefrom; and

Whereas, it further appears that the presence of water in the aforesaid tidal estuary is not of significant interest to the State as concerns navigation or fisheries and that the use of said state-owned lands for mining operations is consistent with any prior or proposed use by the State; and

Whereas, it further appears that the proposed mining operation will not adversely affect the preservation or development of wildlife in the area and that it may as planned provide a better environment and improved habitat for same; and

Whereas, it further appears, that the proposed draining of the aforesaid tidal estuary and the mining operations will not present or create a water pollution problem in the aforesaid area; and

Whereas, it further appears that present law does not authorize any diversion and draining of the aforesaid tidal estuary for the development of mineral deposits on said state-owned land and that there is a need of legislation for this purpose; and

Whereas, in the judgment of the Legislature, these facts create an emergency within the meaning of the Constitution of Maine and require the following legislation as immediately necessary for the preservation of the public peace, health and safety, now, therefore;

Be it enacted by the People of the State of Maine, as follows:

Sec. 1. Public use. The development, mining and removing of minerals from land owned by the State of Maine located beneath the waters of a certain tidal estuary commonly called Goose Falls Pond in the Town of Brooksville, Hancock County, is of public interest to the State, and the use of such land for the mining and removing of minerals and for operations incidental thereto is declared to be a public use.

Sec. 2. Pond drainage. The Maine Mining Bureau or the holder of a mining lease therefrom, or his or its assigns, is authorized as follows:

1. Construct and maintain. To construct and maintain on the aforesaid state-owned lands one or more dams to exclude and divert tidal waters and fresh water from the aforesaid tidal estuary.

2. Drain. To drain or otherwise remove the water from the aforesaid tidal estuary.

3. Return of water upon termination. To return the water to the aforesaid tidal estuary upon termination of mining, removing of minerals and operations incidental thereto.

Sec. 3. Riparian rights. The Maine Mining Bureau shall have the right to take and hold, for the period during which the aforesaid tidal estuary is wholly or partially drained, such riparian rights as may be required for the damming and draining of the aforesaid tidal estuary, and shall pay just compensation therefor.

The proceedings for taking such riparian rights and for determination of compensation, payable to the owners of such rights shall be had in accordance with the Revised Statutes, Title 35, sections 3241 to 3252.

Emergency clause. In view of the emergency cited in the preamble, this Act shall take effect when approved.

◆

### Answers of the Justices

To the Honorable House of Representatives of the State of Maine:

In compliance with the provisions of Section 3 of Article VI of the Constitution of Maine, we, the undersigned Justices of the Supreme Judicial Court, have the honor to submit the following answers to the questions propounded on January 24, 1966.

Question (I): May the State of Maine as in L.D. 1705, H.P. 1224, "AN ACT Relating to Mining Activity under Goose Falls Pond, Town of Brooksville, Hancock County", in the exercise of its sovereign and proprietary right over minerals under the waters of a navigable tidal estuary validly enact legislation permitting a lessee of the Maine Mining Bureau to construct dams on land owned by the State to exclude tide waters and fresh water from said estuary and to drain the water from said estuary to permit mining by the lessee on State-owned lands where such operations have been determined to be consistent with any prior or proposed other use by the State and where the exercise of such power will be for the period during which the aforesaid tidal estuary is wholly or partially drained and where such estuary is not now used for navigation to any significant degree and where the lessee will be required

to pay royalties to the State of Maine for minerals removed from State-owned lands as provided in Title 10, Section 2105, of the Revised Statutes of Maine 1964 when an owner or owners of lands bordering on said tidal estuary object thereto?

Question (III): Would H.P. 1224, L.D. 1705, "AN ACT Relating to Mining Activity under Goose Falls Pond, Town of Brooksville, Hancock County" if enacted by the Legislature be constitutional insofar as Section 3 thereof purports to authorize the State, through the Maine Mining Bureau to take by eminent domain and pay just compensation for such riparian rights of private landowners bordering on a tidal estuary as may be required for the damming and draining of said tidal estuary for the period during which said tidal estuary is wholly or partially drained for the purpose of permitting mining operations by a lessee of said Mining Bureau for the removal of minerals from State-owned lands located beneath the waters of said tidal estuary where feasible mining operations cannot be conducted without such damming and draining and where the lessee will be required to pay royalties to the State of Maine for minerals removed from State-owned lands as provided in Title 10, Section 2105 of the Revised Statutes of Maine 1964.

ANSWER: We answer Questions I and III together and in the affirmative.

The State owns the submerged land beneath the tidal estuary within the confines of low water mark. Opinion of the Justices, 118 Me. 503, 504, 106 A. 865. It follows that the State owns the mineral resources contained therein in trust for the use of the people of the State. "In the exercise of its trust, it cannot be seriously doubted that the state has the power, and, in fact, the duty rests upon it, to use such lands for the greatest public good, and, where they can be put to productive use, not to permit them to lie waste and unproductive." State v. Longyear Holding Co. (1947) 224 Minn. 451, 29 N.W.2d 657, 670. It follows that since the removal of the minerals lying in said State-owned submerged lands is a

public use, the State as such trustee may remove the same in proper exercise of its trusteeship.

■ In its emergency preamble in L.D. 1705, H.P. 1224 the Legislature finds as a fact the necessity of damming and draining the tidal estuary in order to convert these natural resources for public use. It also finds as a fact that navigation upon these waters is not such as to be of "significant interest to the State." There is therefore no impediment to the temporary damming and draining of the estuary. The State's right is paramount and cannot be made subservient to objections of riparian landowners.

■ That the operation may be conducted by a lessee required to pay royalties to the State does not destroy its public use character or render it a private enterprise. The end to be served is the conversion of public resources and the avoidance of waste thereof and the leasehold method must be viewed as no more than a means to that end.

■ The proposed act recognizes that the aforesaid predominent public purpose cannot be effectuated without necessary and unavoidable interference with the riparian rights of landowners. That the State may take such riparian rights necessary to the removal of its mineral resources by eminent domain proceedings upon the payment of just compensation therefor is not to be doubted.

This opinion is given without consideration as to the rights, if any there be, which the Federal Government may have under the circumstances.

Question (II): May the State of Maine as in L.D. 1705, H.P. 1224, "AN ACT Relating to Mining Activity under Goose Falls Pond, Town of Brooksville, Hancock County" through the agency of the Maine Mining Bureau take and hold the rights of riparian owners in the waters of a tidal estuary for the period during which the said tidal estuary is wholly or partially drained where it is necessary to drain substantially all of the water from said estuary in order for a

lessee from said Mining Bureau to conduct feasible mining operations on a mineral deposit located in lands beneath said estuary owned by the State of Maine?

■ ANSWER: We respectfully decline to answer this question. The intended import of the question is not entirely clear to us, especially in its use of the phrase "in the waters." We are of opinion that questions related to the taking by eminent domain of the riparian rights of private landowners and the payment of just compensation therefor are adequately covered by our answer to Questions I and III.

Dated at Augusta, Maine, this 27th day of January, 1966.

Respectfully submitted:

ROBERT B. WILLIAMSON
　　　　　　　　Chief Justice
DONALD W. WEBBER
WALTER M. TAPLEY, JR.
ABRAHAM M. RUDMAN
ARMAND A. DUFRESNE, JR.
　　　　　　　　Justices

Mr. Justice MARDEN respectfully begs leave to abstain from participation.